# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOSHUA LEWIS FORD,

        Petitioner,                       Case Number: 08-CV-13460

v.                                             HON. ARTHUR J. TARNOW

SUSAN DAVIS,

        Respondent.

_____/

## OPINION AND ORDER DENYING
## PETITION FOR WRIT OF HABEAS CORPUS

Petitioner filed a petition *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions for armed robbery (MCL 750.529), 1st degree home invasion (MCL 750.110a(2)), and possession of a firearm during the commission of a felony, third offense (MCL 750.227b). The Court denies a writ of habeas corpus because Petitioner was not unlawfully deprived of his due process under the United States when the trial court: 1) entered a judgment of conviction and sentence for the felony firearm conviction; 2) barred the defendant from presenting an alibi defense; and 3) sentenced the defendant to a prison term of 25 - 40 years on the habitual offender 3d supplement arising out of the armed robbery conviction and to a prison term of 180 months - 40 years on the habitual offender 3d supplement arising out of the 1st-degree home invasion conviction.

## Background

Petitioner's convictions arise from his arrest following incidents on November 17, 2005. Testimony from witnesses at trial established that the Petitioner Joshua Ford wore a red hoodie and walked with Tyocal Webster and one other person to an apartment occupied by Andrea Rogers and Christopher Pollington. Ford and Webster knocked at the door; when it was opened by Pollington, Ford pushed Pollington aside and entered the apartment. Ford brandished a gun and asked for money. When Ford saw cash in a box on top of a table, he made a move for the cash. Pollington hit Ford, and the two struggled briefly before Ford fled with the money. Pollington testified that he saw Ford go into an apartment across the parking lot. An occupant of the apartment across the parking lot testified that Ford was wearing a red hoodie and carrying cash upon his arrival. Ford asked to borrow a jacket, which he wore as he left the apartment.

At trial, Ford testified that he did not ever own nor wear a red hoodie and that he never owned a gun and did not possess a gun on the day in question. Ford's testimony is that although he was at the apartment complex where the robbery took place, he is not the person responsible for the home invasion and robbery.

## Procedural History

Following a jury trial in Kalamazoo County Circuit Court on April 21, 2006, Petitioner was convicted of armed robbery (MCL 750.529), 1st degree home invasion (MCL 750.110a(2)), and possession of a firearm during the commission of a felony, third offense (MCL 750.227b). On May 12, 2006, the trial court sentenced Ford as an habitual offender, third offense, (MCL

*Ford v. Davis*                                                                                                                08-CV-13460

769.11) to 25 - 40 years imprisonment for the armed robbery, 15 - 40 years for the 1st degree home invasion, and 2 years for the felony firearm conviction. Petitioner was awarded jail credit of 175 days to be applied toward the felony firearm sentence.

Petitioner filed an appeal of right in the Michigan Court of Appeals, raising the following claims:

> I. The trial court unlawfully deprived the defendant of his due process, equal protection, and other protected rights to a fair trial under the United States and Michigan Constitutions when it entered a judgment of conviction and sentence on evidence that is insufficient to support the felony firearm conviction.
>
> II. The trial court unlawfully deprived the defendant of his due process, equal protection, and other protected rights to a fair trial under the United States and Michigan Constitutions when it barred the defendant from presenting an alibi defense.
>
> III. The trial court violated the United States and Michigan Constitutions and reversibly erred in sentencing the defendant to a prison term of 25 - 40 years on the habitual offender 3d supplement arising out of the armed robbery conviction and to a prison term of 180 months to 40 years on the habitual offender 3d supplement arising out of the 1st-degree home invasion conviction.

The Michigan Court of Appeals affirmed Petitioner's convictions on November 20, 2007. *People v. Ford*, WL 4125305 (Mich. App.). Petitioner's subsequent application for leave to appeal in the Michigan Supreme Court was denied. *People v. Ford*, 481 Mich. 877; 748 N.W.2d 832 (2008).

Petitioner filed a petition *pro se* for habeas corpus relief on August 11, 2008. Petitioner raises the same claims in his habeas petition as presented in the state courts.

**Standard of Review**

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application occurs" when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410-11.

**Discussion**

I. **The trial court unlawfully deprived the defendant of his due process, equal protection, and other protected rights to a fair trial under the United States and Michigan Constitutions when it entered a judgment of conviction and sentence on evidence that is insufficient to support the felony firearm conviction.**

Petitioner alleges that the trial court unlawfully deprived the him of his due process rights under the United States Constitution when it entered a judgment of conviction and sentence on evidence that is insufficient to support the felony firearm conviction. Petitioner claims that the record shows that he at no time possessed a firearm, as the only evidence introduced at trial regarding the gun was Christopher Pollington's testimony, in which Pollington states that he thought the Petitioner's gun was fake and did not have any bullets in it. He further claims the record does not include any evidence that the gun was ever recovered nor does the record contain any other descriptive evidence about the gun. Accordingly, Petitioner argues the evidence is insufficient for guilt as a matter of law.

The Court of Appeals of Michigan reviewed this sufficiency of the evidence claim as follows:

> On appeal, defendant first argues that there was insufficient evidence to support his felony-firearm conviction. We disagree. This court reviews sufficiency of the evidence claims de novo, viewing the evidence in the light most favorable to the prosecution to determine if the evidence was sufficient for a rational jury to find the defendant guilty beyond a reasonable doubt. *People v. McGhee*, 268 Mich App 600, 622; 709 NW2d 595 (2005).

> MCL 750.227b(1) provides in pertinent part that "[a] person who carries or has in his or her possession a firearm when he or she commits or attempts to commit a felony . . . is guilty of a felony, and shall be imprisoned for 2 years." This Court has ruled that "[t]he elements of felony-firearm are that the defendant possessed a firearm during the commission of, or the attempt to commit, a felony." People v. Avant, 235 Mich App 499, 505; 597 NW2d 864 (1999). MCL 750.222(d) defines "firearm" as "a weapon from which a dangerous projectile may be propelled by an explosive, or by gas or air."
>
> On appeal, defendant focuses on the fact that the police never located the gun used in the crime. Defendant reasons, therefore, that "[t]he evidence is not sufficient for guilt as a matter of law because the record does not support a fnding that the defendant at any time possessed a firearm." However, both Pollington and Rogers testified that the defendant forced his way into their apartment, pointed a gun at them and demanded money. Pollington did testify that he assumed that the gun was not loaded because, even after Pollington hit defendant, defendant never fired the gun. But Pollington also testified that it was a "real gun." Defendant's gun did not have to be loaded or even operable to support a conviction of felony-firearm. See *People v. Peals*, 476 Mich 636, 656; 720 NW2d 196 (2006). Further, although Tyocal claimed that she did not see defendant with a gun, two police witnesses testified that she told them that defendant had a gun and that he threatened to shoot Pollington and Rogers. Viewing this evidence in a light most favorable to the prosecution, we conclude that a rational trier of fact could find defendant possessed a firearm during the commission of a felony. *Avant, supra* at 505.

*People v. Ford*, 2007 WL 4125305 (Mich. App.).

**Clearly Established Law**

The United States Supreme Court has established that a federal court's review of a sufficiency of the evidence claim must focus on whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential

elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). A federal habeas court must be deferential concerning the state court's resolution of the sufficiency of the evidence claim. *Martin v. Mitchell*, 280 F. 3d 594, 617 (6th Cir. 2002). Therefore, a federal habeas court reviewing a sufficiency of evidence claim must determine whether the state court's application of the *Jackson* standard was reasonable. *Malcum v. Burt*, 276 F. Supp. 2d 664, 686 (E.D. Mich. 2003). The *Jackson* standard must be applied "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Jackson*, 443 U.S. at 324 n. 16.

      The decision of the Michigan Court of Appeals is a reasonable application of *Jackson*.

      **II.**      **The trial court unlawfully deprived the defendant of his due process, equal protection, and other protected rights to a fair trial under the United States and Michigan Constitutions when it barred the defendant from presenting an alibi defense.**

      Petitioner contends that the trial court unlawfully deprived him of his due process right to a fair trial under the United States and Michigan Constitutions when it barred him from presenting an alibi defense. Petitioner states that the court erroneously barred the testimony of two witnesses Petitioner expected to present in support of his alibi defense on grounds that Petitioner's alibi defense notice did not comply with the statutory guidelines under Mich. Comp. Laws § 768.20. Petitioner alleges that two women's testimony would place him somewhere other than the crime scene at the time of the incident and is therefore relevant and material on the core issue of guilt or innocence. Although the prosecutor claimed that he would be unfairly prejudiced by the admission of the alibi defense testimony, Petitioner states that the police were able to and

did interview one of the witnesses on the day before the trial. Petitioner insists that the prosecutor had known of the possibility of Petitioner's alibi defense as early as January 17, 2006 at the pretrial conference, and no later than March 14, 2006, when the trial was adjourned in order to allow the defense additional time to identify and locate potential alibi witnesses. Any possible argument of actual prejudice is moot by the fact that the record shows neither the prosecutor nor the police did anything themselves to investigate the claim and obtain their own evidence. Petitioner states that relief is required because it is more probable that not that the error was determinative, because the alibi was a complete defense to the charges.

The Court of Appeals of Michigan found:

> Defendant sought to introduce Edwards and Coates as alibi witnesses at trial. Their testimony would be offered "for the sole purpose of placing the defendant elsewhere than at the scene of the crime." *Watkins, supra* at 580. As such, defendant had to satisfy the requirements of MCL 768.20(1). Defendant's alibi notice was timely and contained the names of witnesses to be called. However, the notice did not provide "specific information as to the place at which the accused claims to have been at the time of the alleged offense." MCL 768.20(1).
>
> The trial court excluded the alibi witnesses, apparently basing its decision on the fact that the defendant failed to provide the required specificity, as well as defendant's lack of cooperation in locating the alibi witnesses. In this case, the alibi witnesses were not automatically excluded by operation of MCL 768.21, which provides that the court shall exclude alibi evidence if the written notice is not filed and served as required or does not name the witnesses to be called to establish the defense. Nevertheless, the trial court still had discretion to exclude the alibi witnesses. See *Travis, supra* at 679-680.
>
> After reviewing the *Travis* factors, we conclude that the trial court did not abuse its discretion in excluding the alibi witnesses.

> *Id.* at 682. First, there is no prejudice resulting to either side by excluding the alibi witnesses' testimony. A review of the offer of proof testimony demonstrates that the testimony of Edwards and Coates was, at best, dubious. Second, there was no apparent reason for the failure to disclose the alibi witnesses earlier or the failure to disclose the substance of their testimony. Defendant filed his alibi notice more than four months after his arrest. There was no explanation as to why Edwards or Coates could not be located sooner. Defense counsel indicated that "in 17 years [she has never] had such difficulty trying to find people." When defense counsel finally obtained Coates' telephone number, she requested, and received, an adjournment. Defense counsel learned of Edwards only after taking to Coates. Third, there was overwhelming evidence that supported Petitioner's guilt. Pollington and Rogers positively identified defendant as the individual who forced his way into their apartment, pointed a gun at them, and demanded money. Further, Henry and Danntoinett Webster corroborated the victims' identification testimony.

*People v. Ford*, 2007 WL 4125305 (Mich. App.).

**Clearly Established Law**

*Holmes v. South Carolina*, 547 U.S. 319, 324 (2006) held that "... the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.' This right is abridged by evidence rules that infringe upon a weighty interest of the accused and are arbitrary or disproportionate to the purposes that they are designed to serve." However, the United States Supreme Court has expressed its reluctance to impose constitutional constraints on ordinary evidentiary rulings made by state trial courts. *Crane v. Kentucky*, 476 U.S. 683, 689. The Court must balance a defendant's constitutional right to present evidence against the state's interests in the evidentiary exclusion at issue. As in all of its cases balancing evidentiary considerations with the right to present a complete defense, the Court made clear that a case by

v. Davis                                                                                                          08-CV-13460

case evaluation is required. *Michigan v. Lucas*, 500 U.S. 145, 153, 111 S. Ct. 1743 (1991). *Crane* holds that a proper inquiry into the constitutionality of a court's decision to exclude evidence begins with considering the relevancy and cumulative nature of the excluded evidence and the extent to which it was "central" or "indispensable" to the defense. Against this, courts must balance the state's interest in enforcing the evidentiary rule on which the exclusion was based. A court's discretion to prohibit evidence cannot trump the constitutional right of the accused to present evidence that is so "highly relevant" that its introduction is "indispensable" to the defense. *Crane* at 691.

Even assuming the refusal to allow the alibi witnesses to testify was Constitutional error, the conclusion of the Michigan Court of Appeals that the error was harmless was a reasonable application of the law. The evidence was overwhelming and the proferred testimony not strong.

>    **III.   The trial court violated the United States and Michigan Constitutions and reversibly erred in sentencing the defendant to a prison term of 25 - 40 years on the habitual offender 3d supplement arising out of the armed robbery conviction and to a prison term of 180 months to 40 years on the habitual offender 3d supplement arising out of the 1st-degree home invasion conviction.**

Petitioner alleges that the trial court violated the United States and Michigan Constitutions and reversibly erred in sentencing him to a prison term of 25 - 40 years on the habitual offender 3d supplement arising out of the armed robbery conviction and to a prison term of 15 - 40 years on the habitual offender 3d supplement arising out of the 1st-degree home invasion conviction. Petitioner claims that his due process rights were violated when his sentence was based on inaccurate information and he did not have a reasonable opportunity at sentencing to challenge

10

the information. Petitioner alleges that the trial court failed to consider several facts about him and the alleged offense, including his strong family support, seizure disorder, and history of mental illness and substance abuse. Petitioner argues that his sentences are disproportionate to the offenses, which violates federal constitutional protection against cruel and unusual punishment. In addition, Petitioner alleges that his sentences violate *Blakely, Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, in that Petitioner did not acknowledge truth of the facts used in scoring the guidelines and in justifying the length of the sentence imposed in violation of the *Blakely* principles.

The Court of Appeals of Michigan reviewed Petitioner's sentencing claim as follows:

> At sentencing, the trial court clearly relied on the sentencing guidelines and the sentencing recommendation of the department of corrections. This reliance satisfied the trial court's articulation requirement. *People v. Conley*, 270 Mich.App. 301; 715 N.W. 2d 377 (2006).
>
> Defendant also specifically mentioned his seizure problem and his strong family support. Nevertheless, the trial court stated that it was particularly concerned with the defendant's criminal history and his inability to benefit from community supervision in the past. For that reason it determined that it would sentence defendant within the sentencing guidelines. Hence, notwithstanding defendant's family and health history, the trial court clearly determined that the offense and offender warranted a sentence within the recommended range. The Court must affirm a sentence within the recommended minimum sentence range unless the trial court erred in scoring the guidelines or relied on inaccurate information. *People v. Kimble*, 470 Mich. 305, 310-311; 684 N. W. 2d 669 (2004). Further, although defendant alleges that the trial court relied on inaccurate and incomplete information in deriving his sentence, defendant failed to identify any inaccuracy except to note that the presentence investigation report might more accurately reflect defendant's rehabilitative potential if it included an

> assessment under MCR 6.425(A)(5). Therefore, we conclude that defendant abandoned any claim that the trial court relied on inaccurate or incomplete information. *People v. Martin*, 271 Mich.App. 280, 315; 721 N.W. 2d 815 (2006). Further, because defendant's sentences are within the applicable guidelines range, they are presumed proportionate. *People v. Bennett*, 241 Mich. App. 511, 616 N.W.2d 703.
>
> Finally, because Michigan's sentencing scheme does not increase the applicable statutory maximum sentence, it does not violate the rule stated in *Blakely*. See *People v. McCuller*, 479 Mich. 672, 689-690; - - - N.W. 2d - - - (2007).
>
> There was no plain sentencing error warranting relief.

*People v. Ford*, 2007 WL 4125305 (Mich. App.).

### Clearly Established Law

The Eighth Amendment prohibits "extreme sentences that are 'grossly disproportionate' to the crime," *United States v. Organek*, 65 F. 3d 60, 63 (quoting *United States v. Hill*, 30 F. 3d 48, 50 (6th Cir.) (cites omitted) and is only offended "by an extreme disparity between crime and punishment." *Id*, at 62 (quoting *United States v. Hopper*, 941 F. 2d 419, 422 (6th Cir. 1991)). A sentence within the statutory maximum set by statute generally does not constitute "cruel and unusual punishment." *Id*, at 63. (quoting *United States v. Williams*, 15 F. 3d 1356, 1364 (6th Cir. 1994)).

### Analysis

Petitioner had a reasonable opportunity at his sentencing to challenge and discuss the content of the sentencing report. Petitioner gave no specific inaccuracies or relevant scoring errors as to the information contained in the sentencing report. The trial court thoroughly

reviewed the contents of the report, including the Petitioner's family support, seizure disorder, and history of mental illness and substance abuse along with Petitioner's long juvenile and adult criminal history. Thus, the trial court utilized an accurate and complete sentencing recommendation to impose the sentence. Petitioner's sentence was within the statutory guidelines, thus cannot be deemed cruel and unusual punishment under the Eighth Amendment, per *United States v. Organek*, 65 F. 3d 60, 63. Finally, *Blakely* only applies when a court sentences above the statutory maximum penalty. *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531. Here, Petitioner was sentenced within the guidelines. Because there exist no sentencing errors warranting relief, Petitioner is not entitled to habeas relief.

**Conclusion**

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is denied.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: August 25, 2010

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on August 25, 2010, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary
